UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMPUTER SOURCE NA, LLC, and DAVID R. HOSMER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:06-cv-0071-DFH-WTL ) ) |
| STEPHEN DENNIS and PAUL BOLTON, | ) ) |
| Defendants. | ) ) |

ORDER OF REMAND

As explained on the record in open court, this action is hereby REMANDED to the Dearborn Circuit Court because of the lack of complete diversity of citizenship and thus a lack of jurisdiction. Computer Source NA, LLC is a plaintiff. Defendant Stephen Dennis has been and contends he still is a member of the LLC. The Seventh Circuit treats limited liability companies like partnerships for purposes of diversity jurisdiction: the LLC has the citizenships of each of its members. *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998). Thus, Mr. Dennis's citizenship is reflected on both sides of the caption, defeating diversity of citizenship under 28 U.S.C. § 1332.

At the hearing on this issue today, defendants contended that the LLC has been fraudulently joined and that the real dispute is between an Indiana citizen, Mr. Hosmer, and two Ohio citizens, Mr. Dennis and Mr. Bolton. To show

fraudulent joinder, defendants must shoulder what is perhaps the heaviest burden known to law. They must show that "after resolving issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); accord, *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 654-55 (7th Cir.1992) (defendant must show "there is no possibility" that plaintiff could establish claim against in-state defendant). Even if a state court might ultimately find that the LLC has failed to state a claim for relief against Mr. Dennis, inclusion of the LLC as a plaintiff is not fraudulent so long as the issue of state law is subject to reasonable argument on both sides. *Batoff v. State Farm Insurance Co.*, 977 F.2d 848, 853 (3d Cir. 1992); *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956, 958 (S.D. Ind. 1999).

Indiana law certainly provides a colorable basis for arguing that a limited liability company may sue a member to enforce promises to contribute property or services to it. Ind. Code § 23-18-5-1 (authorizing action by LLC against a member). In addition, the complaint alleges that Mr. Dennis committed tortious acts that have caused and continue to cause harm to the limited liability company. The issue before this court is not the merits of those claims, but only whether those claims might arguably be recognized by the Indiana state courts. Clearly they might, and therefore there is no fraudulent joinder here. The case must be remanded. Because of plaintiffs' pending request for preliminary

injunctive relief, which had been scheduled for hearing in state court yesterday, the court is acting to remand as quickly as possible so that the state court may consider the merits of the dispute, whatever they might be.

So ordered.

Date: January 20, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James J. Ammeen, Jr.
LEWIS & KAPPES
jammeen@lewis-kappes.com

Tammy Lynn Mitchell
LEWIS & KAPPES
tmitchell@lewis-kappes.com

Donald F. Foley
342 Massachusetts Avenue, Suite 300
Indianapolis, Indiana  46204